IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BRANDON JOHNSON,**

       **Plaintiff,**

vs.                                             No.  06cv0136 DJS

**JO ANNE B. BARNHART,**
**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss **[Doc. No. 7]**, filed August 28, 2006, and fully briefed on October 2, 2006.  Plaintiff seeks judicial review of the Social Security Administration's denial of his claims for benefits under Title II and XVI of the Social Security Act.  However, Defendant moves for dismissal of this action on the grounds that Plaintiff failed to exhaust his administrative remedies by not timely filing a request for review of the Administrative Law Judge's (ALJ) decision.  Defendant contends the Court lacks subject matter jurisdiction to review the ALJ's decision because Plaintiff has not received a "judicially reviewable 'final decision' as required by 42 U.S.C. §405(g)."  Def.'s Mem. in Supp. of Mot. to Dismiss at 1.  Having reviewed the motion, the memoranda in support and in opposition, and the applicable law, the Court finds that the motion is not well taken and is DENIED.

### I.  Factual and Procedural Background

On January 23, 2002, Plaintiff filed his applications for Disability Insurance Benefits and Supplemental Security Income payments under Titles II and XVI of the Social Security Act.  On

January 16, 2003, Plaintiff appeared *pro se* at a hearing before the ALJ.  On March 18, 2003, the ALJ entered his decision denying Plaintiff benefits.  According to Defendant, the Notice of Decision was addressed to Plaintiff's last known address.  The Notice of Decision informed Plaintiff of his right to appeal the ALJ's decision to the Appeals Council if he disagreed with it.  Additionally, the Notice of Decision set forth the time to file an appeal.  Specifically, the Notice of Decision states in pertinent part:

> To file an appeal, you must file your request for review **within 60 days** from the date you get this notice.
>
> The Appeals Council assumes you got the notice 5 days after the date shown above unless you show you did not get it within the 5-day period.  The Council will dismiss a late request unless you show you had a good reason for not filing it on time.

Pl.'s Resp. Opposing Def.'s Mot. to Dismiss; Ex. A.

However, Plaintiffs contends he did not receive a copy of the ALJ's unfavorable decision until August 20, 2003, after he inquired about the status of his case.  *Id.*; Ex. B.  Plaintiff contends he contacted the Albuquerque Office of Hearings and Appeals and spoke with "Mary" regarding his case.  *Id.*, Ex. F, Johnson Aff.  Mary informed Plaintiff the ALJ had entered his decision on March 18, 2003.  *Id.*  Plaintiff informed Mary he had not received the Notice of Decision and requested she mail him a copy.  *Id.*  Plaintiff received a copy of the Notice of Decision on August 20, 2003.  Plaintiff claims the enveloped was postmarked August 14, 2003.  *Id.*

Plaintiff also contends he called the Appeals Council in late August to inquire about his case and was told the agency needed further information.  *Id.*  In response to this request for more information, on August 31, 2003, Plaintiff's wife sent a "To Whom It May Concern" letter signed by Plaintiff to the Albuquerque office.  *Id.*; Ex. C.  The Albuquerque office received the letter on September 5, 2003 and construed it as a Request for Review of the ALJ's decision.  *Id.*.  In this

2

letter, Plaintiff's wife explained the difficulties Plaintiff experienced since his injury and their reasons for not agreeing with the ALJ's decision. The letter made no mention of Plaintiff not receiving the Notice of Decision.

On October 22, 2003, the Office of Hearings and Appeals sent Plaintiff a letter notifying him that his September 5, 2003 request for review contained "no statement or other information about why [Plaintiff] did not file the appeal on time." Def.'s Mot. to Dismiss; Ex. 3. The October 22, 2003 letter also directed Plaintiff to (1) "send us a statement showing the reason(s) why [Plaintiff] did not file the request for review within 60 days" and (2) "send us any evidence that supports your explanation." *Id.* In response to this directive, Plaintiff submitted a letter stating: "I didn't recieved (sic) any notice intall (sic) Aug. 20, 2003 I recieved (sic) a coll (sic) From Mary From Hearings and Appeals on August 14, 2003 and I did not recieved (sic) the Administrative Law Judge's decision so I'am [explaining in this] letter why you didn't recievd (sic) it intall (sic) Sep. 5.2003 that why is (sic) was late getting to you." Pl.'s Resp. Opposing Def.'s Mot. to Dismiss; Ex. B.

On February 19, 2004, the Office of Hearings and Appeals sent Plaintiff a "NOTICE OF ORDER OF APPEALS COUNCIL DISMISSING REQUEST FOR REVIEW." *Id.*; Ex. E. In this notice, the Administrative Appeals Judge informed Plaintiff he had dismissed Plaintiff's request for review. *Id.* In support of this action, the Administrative Appeals Judge found as follows:

> The regulations provide that the Appeals Council may dismiss a request for review where the claimant has failed to file the request within the stated period of time and the time for filing has not been extended (20 CFR 404.971 and 416.1471). The time period will be extended if good cause is shown for missing the deadline (20 CFR 404.968(b) and 416.1468(b)).

3

> The claimant stated in his letter dated October 29, 2003, that he did not receive the notice of the Administrative Law Judge's decision until August 20, 2003.
>
> However, there does not appear to be any change of address or evidence to support the claimant's allegation.
>
> The Appeals Council, therefore, finds that there is no good cause to extend the time for filing, and accordingly, dismisses the claimant's request for review. The Administrative Law Judge's decision stands as a final decision of the Commissioner.

Pl.'s Resp. Opposing Def.'s Mot. to Dismiss; Ex. E.

On March 23, 2004, Plaintiff retained counsel. *Id.*; Ex. F. On April 9, 2004, Plaintiff's counsel wrote the Appeals Council and requested it reconsider its February 19, 2004 decision and allow an extension of time for Plaintiff to file a request for review of the ALJ's March 18, 2002 decision. *Id.* On January 13, 2005, the Office of Hearings and Appeals denied Plaintiff's counsel's request for reconsideration of the February 19, 2004 decision. In support of this action, the Office of Hearings and Appeals stated:

> Under our rules, a person may request review of the Administrative Law Judge's decision only once. Our records show you did not represent the claimant until March 23, 2004, which was after the Appeals Council had dismissed Mr. Johnson's appeal. Mr. Johnson was granted an extension of time to explain why his appeal was filed untimely before his appeal was dismissed. No court rights are granted with an Appeals Council dismissal. Because you are not allowed to file a second request for review, we will take no action on it. We have included a copy of the Appeals Council dismissal order issued February 19, 2004.

*Id.*; Ex. G. This action followed.

## II. Discussion

Under the regulations, "[t]he dismissal of a request for Appeals Council review is binding and not subject to further review." 20 C.F.R. §404.972. The Court has jurisdiction in social security cases under 42 U.S.C. §405(g), which provides for judicial review of <u>final decisions</u> of the Commissioner. *See Brandtner v. Dep't of Health and Human Services*, 150 F.3d 1306, 1307 (10th Cir. 1998). Because Plaintiff did not request administrative review of the ALJ's decision in

a timely manner, the Appeals Council dismissed his request for review as untimely and, therefore, there is no "final decision" for the Court to review.  *Id.*  However, in *Brandtner*, the Tenth Circuit found "there may be limited circumstances where an Appeals Council dismissal of an untimely request for review may be a 'final decision of the [Commissioner], such as when a plaintiff raises a constitutional claim of a due process violation."  *Brandtner*, 150 F.3d at 1307 n.3.  The Tenth Circuit did not reach the question because "no such circumstances" existed in that case.

In this case, Plaintiff explicitly raises a constitutional due process violation.  Plaintiff contends the Appeals Council's dismissal of his request for review was improper under the regulations and violated his right to due process because he did not receive a copy of the ALJ's decision until August 20, 2003.  Accordingly, Plaintiff argues his request for review was timely under 20 C.F.R §404.968.  Section 404.968 states:

> **How to Request Appeals Council review**.
> (a)  Time and place to request Appeals Council review.  You may request Appeals Council review by filing a written request.  Any documents or other evidence you wish to have considered by the Appeals Council should be submitted with your request for review.  You may file your request—
>
> (1)  Within 60 days after the date you **receive notice** of the hearing decision or dismissal ( or within the extended time period if we extend the time as provided in paragraph (b) of this section;

20 C.F.R. §404.968(a)(1) (emphasis added).  Because Plaintiff did not receive the Notice of Decision until August 20, 2003, he contends he timely filed his request for review (September 5, 2003) within 60 days of the date he **received** the hearing decision.

On the other hand, Defendant contends Plaintiff's request for review was untimely. Defendant contends "Plaintiff's request for review did not mention any difficulty receiving the ALJ's decision, instead Plaintiff's wife wrote a three page letter explaining why she disagreed

5

with the ALJ's decision." Def.'s Mem. in Supp. of Mot. to Dismiss at 2. However, Plaintiff explained his wife submitted a letter in response to a request for more information from the agency. It was the agency that construed the letter as a request for review. When, on October 22, 2003, the agency requested Plaintiff submit a "statement showing the reason(s) why he did not file the request for review within 60 days" and "evidence to support Plaintiff's explanation," Plaintiff complied and stated he did not receive the notice until August 20, 2003. Although this is "good cause for missing a deadline to request review," the Appeals Council considered and rejected this explanation.[1] The Appeals Council did not accept Plaintiff's good cause statement because Plaintiff had "no change of address" and "no problem receiving the agency's request for a good cause statement in a timely manner." Def.'s Mem. in Support of Mot. to Dismiss at 2. However, it not uncommon for mail to get lost.

Finally Defendant contends the notice specifically states that Plaintiff "must file his request for review within 60 days of the date of receipt of the notice, explaining that the Appeals Council would assume that he received the notice no more than 5 days after the date shown on the notice." *Id.* The Court rejects this presumption because there is no evidence establishing that a copy was mailed to Plaintiff. *See e.g., McKentry v. Secretary of Health and Human Services*, 655

---

[1] Section 404.968(b) states in pertinent part:

Extension of time to request review. You or any party to a hearing decision may ask that the time for filing a request for the review be extended. The request for an extension of time must be in writing. It must be filed with the Appeals Council, and it must give the reasons why the request for review was not filed within the state time period. If you show that you had good cause for missing the deadline, the time period will be extended. To determine whether good cause exists, we use the standards explained in §404.911. *See* 20 C.F.R. §404.968(b). Section 404.911 lists "examples of circumstances where good cause may exist" and include the following: (7) You did not receive notice of the determination or decision. *See* 20 C.F.R. §404.911(b)(7).

6

F.2d 721 (6th Cir. 1981)(Court rejects presumption of delivery of mail because there was no evidence in the record that the notice was ever mailed to claimant, presumption, if it did arise, was rebuttable, and claimant introduced evidence of non-receipt of the notice); (*Hobt v. Commissioner of Social Security*, 175 Fed.Appx. 709 (6th Cir. April 11, 1006)("[A] presumption of receipt is inappropriate where there is no evidence that the notice was ever mailed.").

Because the Court finds that Plaintiff has raised a constitutional claim of a due process violation, the Court has jurisdiction to review this matter. Accordingly, Defendant's motion to dismiss is denied.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss **[Doc. No. 7]**, filed August 28, 2006, and fully briefed on October 2, 2006, is **DENIED**.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**